# IN THE COURT OF APPEALS OF IOWA

No. 20-0373
Filed November 30, 2020

**JASON JAY BRINGUS,**
          Plaintiff-Appellant,

**vs.**

**STEVE ELIFRITS and the WEBSTER COUNTY JAIL SUPERVISOR,**
          Defendants-Appellees.
_____

          Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

Judge.


          Jason Bringus appeals the district court's ruling dismissing his lawsuit

against the defendants on statute-of-limitations grounds.  **AFFIRMED.**



          Jason J. Bringus, Clarinda, self-represented appellant.

          Douglas L. Phillips and Zachary D. Clausen of Klass Law Firm, L.L.P., Sioux

City, for appellee.



          Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

In 2019, Jason Bringus, a prisoner who was once housed at the Webster County jail, sued "Steve Elifrits, Jail Administrator" and the "Webster County Jail Supervisor," alleging a violation of medical protocols following his 2014 hospitalization for gunshot wounds. Bringus alleged that, on his discharge, "he was given specific written medical protocols, prescriptions and follow-up appointments." He asserted, "Starting September 3rd 2014—[all] Scheduled Appointments Were Denied By" the defendants, placing him "at Serious Risk of Physical Harm." Bringus later amended his petition to allege that, in 2019, he "was diagnosed with neuropsychological issues due to the trauma and damages which the proximate cause were the injuries."

The defendants moved to dismiss the lawsuit on statute-of-limitations grounds. The district court granted the motion following a hearing in which Bringus participated telephonically. Bringus appealed.

Iowa Code section 670.5 (2019) states:

Except as provided in section 614.8,[1] a person who claims damages from any municipality[2] or any officer, employee or agent of a municipality for or on account of any . . . injury within the scope of

---

[1] Section 614.8(1) states:

The times limited for actions in this chapter, or chapter 216, 669, or 670, except those brought for penalties and forfeitures, are extended in favor of persons with mental illness, so that they shall have one year from and after the termination of the disability within which to file a complaint pursuant to chapter 216, to make a claim pursuant to chapter 669, or to otherwise commence an action.

The district court concluded "Bringus's passing allusion to 'neuropsychological issues' [was] not sufficient to rescue his Petition" under this provision. Bringus does not challenge that conclusion on appeal.

[2] "Municipality" includes a county and, with one exception, other units of local government. *See* Iowa Code § 670.1(2).

[certain provisions] or under common law shall commence an action therefor within two years after the alleged . . . injury.

"[S]ection 670.5 is a statute of creation" rather than a statute of limitations. *Venckus v. City of Iowa City*, 930 N.W.2d 792, 807 (Iowa 2019). Under a statute of creation, "the commencement of the action within the time the statute fixes is an indispensable condition of the liability and of the action permitted." *Id.* (emphasis omitted) (quoting *Montgomery v. Polk Cnty.*, 278 N.W.2d 911, 915 (Iowa 1979)). "[T]he time to file the action commence[s] upon the date of injury and not the date of accrual." *Id.*

The district court concluded section 670.5 barred Bringus' claims. The court further concluded the holding of *Venckus* precluded Bringus' reliance on the 2019 date pled in his amended petition.

On appeal, Bringus asserts he "did not know about the need for surgery, nor did he know about the injury caused from the failure to take him to the hospital in 2014, until 2019," and the statute only began to run at that time. But in his original petition, Bringus alleged that he experienced "Increasing PAIN, Inflammation, [an] Extremely Distended Abdomen and Other Medical Issues Associated With the [gun] Shot Wounds—as a Result of all Appointments Canceled." He also alleged his prescriptions were allowed to expire, which complicated his "Prolonged Problems and Increas[ed] His Pain and Suffering." These allegations detail Bringus' injuries and knowledge of the cause of his injuries soon after his 2014 hospitalization. Because section 670.5 "commence[s] upon the date of injury" under *Venckus*, and Bringus alleged his injury at the hands of the defendants occurred almost five years before he filed suit, we conclude the

district court did not err in granting the State's motion to dismiss. *See Venckus*, 930 N.W.2d at 798, 807 (setting forth standard of review and stating date of injury is the operative date under section 670.5).

Bringus also contends he was deprived of his constitutional rights of access to the courts. To the contrary, the district court allowed him to file and resist motions and to participate in the telephonic hearing. Bringus really appears to be challenging the sufficiency of the record to resolve the statute-of-creation issue on a motion to dismiss. *See id.* at 809 (noting "[a] defendant may raise the statute of limitations by a motion to dismiss if it is obvious from the uncontroverted facts contained in the petition that the applicable statute of limitations bars the plaintiff's claim for relief," and finding the record inadequate "to evaluate the limitations defense" (citation omitted)). We conclude Bringus' allegations in his original petition were sufficient to resolve the issue.

We affirm the dismissal of Bringus' petition.

**AFFIRMED.**